**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LISA LEE COLE,

                **Plaintiff,**

       v.                              **CASE NO. 21-3250-SAC**

MONTGOMERY COUNTY JAIL, et al.,

                **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se. Her fee status is pending.

### Nature of the Complaint

The complaint names as defendants the Montgomery County Jail and four officers, whose surnames are Garcia, Collins, House, and Johnson.

Plaintiff alleges that on August 4, 2021, she was arrested after she failed to appear in court on pending criminal charges. Defendants took her to the Montgomery County Jail, Independence, Kansas (MCJ). Plaintiff claims the defendants rushed her into the building and tried to force her to wear a mask due to the ongoing pandemic. Plaintiff states that she told the officers that she has asthma. She also states that she fears police and authority figures and that the mask scared her (Doc. 1, p. 5). She resisted the placement of the mask, and officers then placed her in a restraint chair. Plaintiff states that she sat down in the chair willingly but acknowledges that she continued to move her head to avoid having the mask placed on her. Officers then placed an orange bag on plaintiff instead of a mask. Plaintiff states she does not "know the concept of breathing through [her] nose" and

it scares her (Doc. 1, p. 8).

Plaintiff claims her placement in the restraint chair was painful and left marks on her. She seeks release from jail and the dismissal of the charges against her. She also seeks unspecified damages "for being pushed down to cell due to not wearing a mask" (Doc. 1, p. 5.).

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint,

however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

The court has examined the complaint and has identified certain deficiencies.

First, the Montgomery County Jail is not a proper defendant in this action. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As a governmental sub-unit, a prison or jail cannot sue or be sued because such an entity is not a "person" subject to suit for monetary damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989). Therefore, such a defendant is subject to dismissal. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued").

Next, plaintiff's request for release from confinement and the dismissal of her charges cannot be granted in a civil rights action. A challenge to a state prisoner's custody or confinement must be presented in a petition for habeas corpus rather than as a request for relief in a civil rights action. *See Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973)("habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement").

Third, to the extent plaintiff is challenging the use of the restraint chair, she has not presented sufficient facts to state a plausible claim of excessive force. The facts alleged by plaintiff show that she was placed in the chair after she refused to cooperate

with efforts to place a mask on her face, that she willingly sat in the chair, and that she continued to interfere with officers' attempts to apply a mask after she was in the chair. The injuries she describes, although painful, appear to be minor and do not suggest any malicious or abusive use of force.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted) (citation omitted).

### Order to Show Cause

For the reasons set forth, the court directs plaintiff to show cause why this matter should not be dismissed. In the alternative, plaintiff may submit an amended complaint that cures the deficiencies identified in this order. If plaintiff fails to submit an amended complaint, the court will decide this matter on the present complaint.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **November 29, 2021**, plaintiff shall show cause why this matter should not be dismissed or shall submit an amended complaint to the court. The amended complaint must have the case number of this action, 21-3250, on the cover page.

IT IS FURTHER ORDERED that the clerk of the court shall transmit a form complaint and instructions to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 2nd day of November, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge