**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LISA LEE COLE,**

                **Plaintiff,**

       v.                              **CASE NO. 21-3250-SAC**

**(fnu) GARCIA, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se. Previously, the court directed plaintiff to submit certified financial information in support of her motion for leave to proceed in forma pauperis. Plaintiff has not responded to that order. By a Notice and Order to Show Cause (NOSC) entered on November 2, 2021, the court also directed her to show cause why this matter should not be dismissed or to submit an amended complaint that cures the defects identified by the court. Plaintiff has submitted an amended complaint.

**Nature of the Complaint**

In the amended complaint, plaintiff broadly alleges racism at the Montgomery County Jail. The complaint shows that plaintiff was arrested on August 4, 2021. When she was taken to the jail, she was advised that she would be required to wear a mask due to the pandemic. Plaintiff refused to do so because she has asthma. She states that two individuals forcibly placed a mask on her face and that she eventually was placed in a chair with a covering of some kind on her face.

Much of the complaint has no apparent connection to these

allegations. Plaintiff describes incidents from her childhood, the actions of a relative who fraudulently cashed her checks, including an income tax refund, while she was incarcerated, and the births of two of her children.

As relief, she asks to be released from jail, to have all charges dropped, unspecified monetary damages, and the return of her children to her custody.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the

complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

**Discussion**

A pretrial detainee's claim of unconstitutional conditions of confinement is evaluated under the Fourteenth Amendment's Due Process Clause. *Sanders v. Hopkins*, 131 F.3d 152 (10th Cir. 1997) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Due Process Clause protects a pretrial detainee from exposure to conditions that "amount to punishment or otherwise violate the Constitution." *Bell*, 441 U.S. at 537. "If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment.'" *Id.* at 53. Here, the decision to restrain plaintiff to ensure her compliance with the mask requirement is related to a governmental objective of reducing the transmission of a contagious health condition during a pandemic. Plaintiff acknowledges that she refused to wear a mask and was noncompliant with less restrictive measures.

Next, plaintiff's claim of racism in the facility is not supported by any factual allegations and therefore does not state a claim for relief under the screening standards outlined above. Plaintiff has failed to provide any specific allegations of how any defendant violated her rights based upon racial animus.

Finally, plaintiff's claims concerning the custody of her children do not appear to have any relation to the defendants in this action; it also appears that her complaints may arise from decisions made in the state courts. The *Rooker-Feldman* doctrine generally precludes lower federal courts "from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Mo's Express, LLC v. Sopkin,* 441 F.3d 1229, 1233 (10th Cir.2006) (quotations omitted). Plaintiff must

address her claims concerning child custody to the appropriate state court.

## Conclusion

For the reasons set forth, the court finds plaintiff has failed to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED that this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 13th day of December, 2021, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge